**United States District Court**
For the Northern District of California

**\*E-FILED 08-02-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KYE SYSTEMS AMERICA CORPORATION,

        Plaintiff,

  v.

PRIMAX ELECTRONICS, LTD.,

        Defendant.

_____/

No. C11-80170MISC JF (HRL)

**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**

**[Re:  Docket No. 9]**

     Primax Electronics, Ltd. (Primax) is the defendant in a patent infringement lawsuit currently pending in the District Court for the Central District of California.  This apparently is the second patent infringement lawsuit brought by plaintiff Kye Systems America Corporation (Kye) against Primax for alleged infringement as to the very same patent-in-suit.  This court is told that Kye's first infringement lawsuit (also filed in the Central District of California) against Primax was dismissed due to issues as to Kye's ownership of the patent.  In that first action, Kye was represented by attorney Alfredo A. Bismonte.  Kye subsequently retained the Foley & Lardner firm as its counsel and then filed the currently pending infringement action against Primax.

     Pursuant to this court's July 26, 2011 order, Bismonte and Primax have submitted a Discovery Dispute Joint Report #1 re Primax's subpoena seeking Bismonte's deposition in connection with the underlying litigation.  In sum, Bismonte seeks an order quashing that

subpoena, or alternatively, a protective order precluding Primax from deposing him.  Having considered the joint report and the parties' respective positions on the issues, this court denies Bismonte's request.

Inasmuch as Bismonte previously agreed to appear for deposition, he has waived any objections as to the sufficiency of service of the subpoena.

Although Primax might have sought Bismonte's deposition sooner than it did, this court cannot fault Primax for first seeking documents from Bismonte, as well as depositions of other non-attorney witnesses.

As for Bismonte's claim to be Kye's current counsel of record, that assertion is questionable at best.  On the record presented, the most that can be said with certainty is that he is, or was, assisting Foley & Lardner with the case in some capacity.

Bismonte nevertheless points out that Primax is seeking his testimony as to matters and alleged statements or communications made at a time when he was counsel of record for Kye. Even assuming that the standard for deposing opposing counsel applies here, Primax has made enough of a showing to warrant Bismonte's deposition.  Although depositions of opposing counsel are disfavored, there is no prohibition against deposing an attorney of record in a case. Attorney depositions generally are permitted where the party seeking the deposition shows that (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.  Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).

Primax says it has asserted counterclaims that Kye (and its related corporate entities) have knowingly misrepresented the ownership and scope of the patent in suit.  Defendant apparently has made efforts to obtain the information from non-attorney witnesses.  Those witnesses reportedly were unwilling or unable to provide the requested information and told Primax that such matters were left to Kye's attorneys.  Defendant says that it is primarily interested in learning facts about patent ownership and facts that apparently permitted lawsuits for alleged infringement of the same patent-in-suit to be filed in the name of different owners. This court finds that the information sought is relevant or reasonably calculated to lead to the

**United States District Court**
For the Northern District of California

2

discovery of admissible evidence, FED. R. CIV. P. 26(b)(1), and further, that the information is crucial to Primax's preparation of the case.  Although this court cannot, in a vacuum, make definitive rulings as to the applicability of the attorney-client privilege and attorney work product doctrine, it seems that Bismonte may well be the only source of pertinent facts, and that at least some of those facts may be nonprivileged and non-work product information. Accordingly, Bismonte's request to quash the subpoena, or for a protective order, is denied.

This order is, however, without prejudice to Bismonte to assert the attorney-client privilege or work product doctrine as appropriate in response to questions that are posed by Primax during deposition.

Additionally, Primax advises that fact discovery closes on August 3, 2011.  It is unclear what other deadlines the parties face between now and the start of trial (reportedly set to begin in November 2011), or whether Bismonte's deposition may proceed now without jeopardizing the case schedule.  Accordingly, this order is conditioned on the presiding judge's determination that the period for fact discovery should be extended to permit Primax an opportunity to take Bismonte's deposition.

SO ORDERED.

Dated: August 2, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   5:11-mc-80170-JF Notice has been electronically mailed to:

2   Daniel Todd McCloskey      mccloskeyd@gtlaw.com, altamiranot@gtlaw.com,
    caldwellp@gtlaw.com, svlitdock@gtlaw.com

3

4   E. Patrick Ellisen      ellisenp@gtlaw.com, AltamiranoT@gtlaw.com, caldwellp@gtlaw.com,
    svlitdock@gtlaw.com

5   Jeremy Michael Duggan      jduggan@beckross.com, jrichards@beckross.com

6   Ronald Craig Finley      rfinley@beckross.com, draithel@beckross.com, hraithel@beckross.com

7   Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the court's CM/ECF program.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

4